IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STACEY LYNN CRUM,              :
                            : C.A.No. S19C-03-011 CAK
       Plaintiff,           :
                            :
   v.                 :
                            :
EARLEE W. CORBIN, JR., &     :
SAMUEL CORALUZZO CO., INC.,   :
                            :
       Defendants.       :

Submitted: February 17, 2022
Decided: March 7, 2022

***Plaintiff's Motion to Exclude the Testimony of Defendant's
Biomechanical Engineer* - GRANTED *in part*
and DENIED *in part***

**MEMORANDUM DECISION AND ORDER**

R. Mark Taneyhill, Esquire, Schwartz and Schwartz, 1140 South State Street, Dover, Delaware 19901, Attorney for Plaintiff.

Leslie B. Spoltore, Esquire and Tricia Swann, Esquire, Obermeyer Rebmann Maxwell & Hippel LLP, 123 S. Justison Street, Suite 100, Wilmington, Delaware 19801, Attorney for Defendants.

**KARSNITZ, RJ**

In this tort claim stemming from a motor vehicle collision Plaintiff seeks to exclude the proposed testimony of Andrew Rentschler, Ph.D., a biomechanical engineer. Defendants want to present Dr. Rentschler's opinions in two areas: (1) how the accident occurred, and (2) Plaintiff's ability to withstand physical forces. Dr. Rentschler has done an analysis of the collision applying principles of physics to describe his view of how the collision occurred. The collision at issue was a side swipe which occurred as Coraluzzo's truck driver, Earlee W. Corbin, Jr. moved his truck from one lane into the lane occupied by the vehicle driven by Plaintiff. Dr. Rentschler's analysis led him to conclude the accident was far less dramatic than as described by Plaintiff. Plaintiff testified the vehicles were locked together for a period and Defendants' truck dragged Plaintiff's vehicle for a substantial distance. Dr. Rentschler's description entails more of a quick contact between the vehicles.

I held argument on this motion and at it Plaintiff concluded that this physical description offered by Dr. Rentschler is legitimate, relevant evidence which contradicts Plaintiff's description. The opinions meet the appropriate standards, and Dr. Rentschler is well qualified to express them. Based upon Plaintiff's concession, I deny her motion as to Dr. Rentschler's opinions regarding how the collision occurred. Dr. Rentschler stated his opinions in his report dated

2

October 30, 2020, and concluded with a listing of each numbered one through nine. The opinions listed as one through three, which relate to how the accident occurred, are admissible.

Dr. Rentschler, has done an additional analysis of Plaintiff's ability to withstand physical forces. The remaining opinions listed as paragraphs four through nine relate to the ability of a human body to withstand physical forces without serous injury. In somewhat oversimplified form, Dr. Rentschler's analysis can be summarized as follows::

(1) Determine the forces he believes were brought to bear upon Plaintiff;

(2) Address significant studies which seek to analyze how a normal human body would react to such forces; and

(3) Attempt to particularize the analysis to Plaintiff. The ultimate conclusion from Dr. Rentschler is that Plaintiff could not have been hurt by the forces to which Defendants' actions exposed her. Defendants thus seek to add the patina of expertise to the ubiquitous defense challenging the degree of Plaintiff's injuries.

Delaware courts have addressed repeatedly the circumstances under which an engineer may address medical causation. The starting point is *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[1] *Daubert* is well established in our law

---

[1] 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

generally, and specifically Delaware law and practice.[2] Our Supreme Court applied

the principles of *Daubert* in *Eskin v. Carden*[3] to the issue raised here. In *Eskin* our

Supreme Court said the following:

> "We hold that trial judges may admit qualified
> biomechanical expert testimony regarding the
> physical forces involved in automobile accidents
> and the effect on the human body those forces
> may produce where the relevance, reliability and
> trustworthiness of that testimony is established
> by the proffer and is not outweighed by the danger
> of confusion of the issues or misleading the jury.
> We caution that even competent, qualified
> biomechanical testimony may not be admissible
> when that testimony purports to bridge the analytical
> gap between an engineer's application of constants
> to, and a physician's artful evaluation of, a specific
> individual. Competent biomechanical expert testimony
> may be admissible, however, to impeach factual assump-
> tions made in expert medical testimony, where the medical
> opinion relies on an injury party's subjective statements
> about the facts of an accident. Biomechanical
> evidence may contradict expert medical testimony
> under some circumstances – e.g., where, it purports
> to quantify the forces exerted on an individual's
> body during an accident, describe an individual's
> reaction to the forces involved in the accident, or
> relies upon principles of physics to rationalize
> causation, diagnoses, course of treatment or an
> opinion on permanency. We reaffirm that the
> longstanding standard of review of abuse of discretion

---

[2] *Cunningham v. McDonald,* 689 A.2d 1190 (Del. 1997); *M.G. Bancorporation, Inc. v. LeBeau,* 737 A. 2d 513 (Del. 1999).

[3] 842 A.2d 1222 (Del. 2004).

applies to trial judges' rulings on the admissibility of this testimony."[4]

In *Eskin* the Court additionally stated:

"The words of an expert qualified to opine within a recognized "field" do not automatically guarantee reliable, and therefore admissible, testimony, however. The inquiry will be whether the expert and the "field of expertise" itself can produce an opinion that is sufficiently informed, testable and in fact verifiable on an issue to be determined at trial. The trial judge must be satisfied that the generalized conclusions of the biomechanical expert are applicable to a particular individual. For example, did the expert consider the effect of pre-existing medical conditions and the unique susceptibility of a particular plaintiff to the injuries claimed? Does the "field" of biomechanical engineering adequately test for these highly individualized characteristics and document verifiable statistical results about which an expert within the field can render a trustworthy opinion in a particular case?"[5]

In *Eskin* the Court affirmed the trial judge's decision to exclude the engineering testimony. The trial judge had determined the engineer had not particularized his opinion to the specific Plaintiff, who had a history of pre-collision medical problems which always complicates the medical causation question.

---

[4] *id.*, at 1225, 1226.

[5] *Id.*, at 1228.

The parties have cited cases in which our Court has addressed this problem. In *Ortiz v. Smith*[6] the Court granted a motion to exclude biomechanical engineering testimony finding it to be unreliable and confusing given the fact that the injured party had unique medical issues. Defendants have also supplied me a transcript in *Fuggett v. Aronowicz*[7] in which the Court allowed the testimony after analyzing it pursuant to the *Daubert* standard.

*Daubert* has a five-step test to determine admissibility of scientific or technical expert testimony:

> "The trial court must decide that: (i) the witness is 'qualified as an expert by knowledge, skill experience, training or education'…; (ii) the evidence is relevant and reliable; (iii) the expert's opinion is based upon information 'reasonably relied upon by experts in the particular field'…; (iv) the expert testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue'…; and (v) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[8]

In my view the expert and his opinions meet the first three requirements. Dr. Rentschler is eminently qualified. He relies upon established

---

[6] 2020 WL 6278215 (Del. Super., Oct. 26, 2020).

[7] C.A. No.: N11C-11-106 AML; 2017 WL 2799167 (Del. Super., June 27, 2017).

[8] *Eskin, supra,* at 1227.

principles of physics, and peer reviewed studies examining how humans react to physical forces. It is items four and five with which I find difficulty.

Plaintiff is a unique individual with a unique medical history. Her history of medical problems similar to those for which she claims compensation for injury here are substantial and complicated. As an aside, the medical issues are those which have been litigated routinely, primarily through testimony of medical experts. These issues which are unique to Plaintiff are the reason why I do not believe the testimony should be admitted.

The studies referenced by Dr. Rentschler involve live test subjects and cadavers. I have no doubt they outline typical tolerances for the human body to withstand forces. Dr. Rentschler told me he used the studies in his work to design safety features for the United States Military in the construction of vehicles to withstand the forces created by bombs. No doubt his work is effective to prevent or lessen injury to the typical person. Unfortunately, typical is not specific, or here, specific to the Plaintiff.

At the *Daubert* hearing I questioned Dr. Rentschler about two areas. First, I asked him how his work accounted for the "egg shell skull" victim about which every first year law student studies. I also asked him about testimony those who practice in the tort area have heard for years, typically from defense medical

experts - that a herniated disc can be caused by a sneeze or very moderate activity. My reading of his answer is he had no real answer for these concerns about the specific individual.

Dr. Rentschler made a significant attempt to particularize his opinions. He discussed Plaintiff's age and sex and reviewed her deposition transcript and medical records. None of this significantly entered his decision making. Simply put, he had no way to account for the peculiarities of Plaintiff's medical condition. For me, the opinions offered are an invasion into the medical area by one who has no medical expertise. In the language of *Daubert* and its progeny, the opinions offered would not assist the trier of fact, and would create unfair prejudice, confusion and be misleading to the jury.

Each party has offered opinions from medical experts on the issue of what injuries the collision caused. Defendants have, in a separate motion, attacked the basis of the opinions of Plaintiff's medical expert. Undoubtedly the defense has much with which to work on the subject. For me that is the appropriate path to challenge Plaintiff's claims.

I grant Plaintiff's motion to exclude Dr. Rentschler's opinions numbered four through nine.  He will be permitted to testify as to opinions list as one through three.

**IT IS SO ORDERED.**


/s/ Craig A. Karsnitz
Craig A. Karsnitz